TRIBUNAL DE APELACIONES
PANEL VIII

| JULIA FELIZ BARRERA | | *CERTIORARI* |
|---|---|---|
| Peticionaria | | Procedente del Tribunal de Primera Instancia, Sala de ARECIBO |
| v. | | |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEFENSORÍA PERSONAS CON IMPEDIMENTOS (DPI); JOSÉ MONTALVO VERA, DIRECTOR DPI, EN SU CARÁCTER PERSONAL | TA2026CE00219 | Caso Núm.: AR2025CV02447 |
| | | Sobre: *Mandamus* |
| Recurridos | | |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de marzo de 2026.

Comparece ante nos, por derecho propio e *in forma pauperis*,[1] la señora Julia Feliz Barrera ("señora Feliz Barrera" o "Peticionaria"), mediante escrito intitulado *Recurso de Certiorari (Revisión Extraordinaria)* presentado el 19 de febrero de 2026. Nos solicita que dejemos sin efecto las órdenes emitidas el 27 de enero de 2026 y el 6 de febrero del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("foro primario" o "tribunal *a quo*").

Por virtud de la *Orden* dictada el 27 de enero de 2026, el foro primario destacó que los escritos presentados por la Peticionaria, a saber, la demanda y un documento intitulado *Moción Informativa y Solicitud de Término para Diligenciar Emplazamiento* "no cumple con las disposiciones de la Regla 6 y la Regla 8 de las de Procedimiento

---

[1] Véase, SUMAC TA, Entrada Núm. 2. Conforme a la Regla 78 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), se le permite a la Peticionaria litigar *in forma pauperis*, debido a que, tras examinar la *Solicitud para Declaración de Indigencia* presentada, determinamos que la señora Feliz Barrera no cuenta con los recursos económicos necesarios para sufragar los derechos arancelarios.

Civil".[2] Asimismo, en dicha *Orden* el foro primario determinó lo siguiente:

> no se ha presentado el formulario de emplazamiento para poder ser expedido por el tribunal según requerido por la Regla 4.1 de las de Procedimiento Civil. Los escritos presentados denotan desconocimiento de las normas procesales que rigen. Por tanto, la demandante no posee el conocimiento necesario para continuar con su autorepresentación. De conformidad con lo dispuesto en la Regla 9.4 de las de Procedimiento Civil se ordena a la demandante Julia Feliz Barrera contratar representación legal. Cumpla en 30 días.[3]

Surge del expediente que el 28 de enero de 2026, la Peticionaria instó *Moción Reafirmando Autorrepresentación [sic], Solicitando Trámite por Autos y Solicitud de Instrucción para Expedición de Emplazamiento*.[4] Posteriormente, el 6 de febrero de 2026, el foro primario emitió *Orden* en la que dispuso que "[l]a demandante debe cumplir con la orden de 27 de enero de 2026, previo a la consideración de los remedios solicitados".[5] Insatisfecha, el 19 de febrero de 2026, la Peticionaria acude ante esta Curia mediante la presentación del recurso de epígrafe.

Tras examinar el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## I.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

---

[2] Véase, SUMAC TPI, Entrada Núm. 3.
[3] Véase, SUMAC TPI, Entrada Núm. 3.
[4] Véase, SUMAC TPI, Entrada Núm. 4.
[5] Véase, SUMAC TPI, Entrada Núm. 6.

determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

## II.

Expuesto el marco jurídico y ponderados los argumentos presentados por la parte Peticionaria, esta Curia determina que no se han producido las circunstancias que exijan nuestra intervención. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro primario se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia.

En fin, luego de examinar el expediente y los argumentos esgrimidos por la Peticionaria, a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* y de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón para intervenir con la determinación recurrida. Por lo cual, somos del

criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**III.**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones